# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Restoration Hardware, Inc. and | ) | |
|---|---|---|
| RH US, LLC, | ) | |
| Plaintiffs, | ) | Case No: 16 C 10665 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Haynes Furniture Company | ) | |
| Incorporated, New Venture Holdings, | ) | |
| LLC, and Highland Lombard, LLC, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss or transfer [57] is denied.

## STATEMENT

Plaintiffs Restoration Hardware, Inc., and RH US, LLC allege that Defendants Haynes Furniture Company Incorporated, New Venture Holdings, LLC, and Highland Lombard, LLC engaged in copyright and trademark infringement and unfair competition, among other things. According to Plaintiffs, Defendants told customers in person, and via television commercials and in-store displays that Defendants' retail store called "The Dump" sells furniture that is identical to or of comparable quality to Restoration Hardware furniture but at substantially lower prices. In addition, Plaintiffs allege breach of a settlement agreement entered into in January 2015 in *Euromarket Designs, Inc. v. Haynes Furniture Co. Inc.*, No. 14 C 7802 (N.D. Ill.) ("the 2014 case"). Defendants seek to dismiss the first amended complaint or transfer venue.

Defendants[1] contend that venue is improper and move to dismiss or transfer the case to the Eastern District of Virginia on that ground under Federal Rule of Civil Procedure 12(b)(3). "In deciding a motion to dismiss for improper venue . . . , all allegations are taken as true, unless contradicted by the defendant's affidavits and the court may consider facts outside the pleadings." *John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, No. 16-CV-05918, 2017 WL 1093150, at *5 (N.D. Ill. Mar. 23, 2017). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). "When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue." *John*

---

[1] Defendant Highland Lombard, LLC is an Illinois limited liability company. According to Defendants' motion, Highland Lombard "expressly joins" the motion to dismiss or transfer, and waives any defense or objection to improper venue or lack of personal jurisdiction in the Eastern District of Virginia.

*Crane Inc.*, 2017 WL 1093150, at *5. "If venue is improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have filed it initially." *Id*.

Pursuant to the general federal venue statute, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A corporate defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. *Id*. § 1391(c)(2).[2]

Defendants Haynes and New Venture Holdings argue that venue is improper in this district because the Court lacks personal jurisdiction over them and a substantial part of the events or omissions giving rise to the claim did not occur here. However, "a defendant with no other contacts to the forum may waive challenges to personal jurisdiction by either express or implied consent." *Glob. Archery Prod., Inc. v. Firgaira*, No. 1:16-CV-19-JVB-SLC, 2017 WL 1101078, at *2 (N.D. Ind. Mar. 22, 2017). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex*, 623 F.3d 440, 443 (7th Cir. 2010).

Here, Defendants gave Plaintiffs a reasonable indication that they intended to defend the suit on the merits here. The parties filed a joint initial status report on November 29, 2016, outlining the claims, addressing the Court's subject matter jurisdiction, and setting forth a proposed discovery plan. In the "pending motions" section of the report, Defendants state that they "contemplate bringing a motion to dismiss or alternatively a motion for a more definite

---

[2] One of Plaintiffs' claims is for copyright infringement, and the general venue provision under § 1391(b) applies if venue is not "otherwise provided by law." 28 U.S.C. § 1391(a). Under 28 U.S.C. § 1400(a), "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." Because neither party addresses the alternative copyright venue statute, neither does the Court.

statement if the Complaint is not amended," (Initial Status Rep., Dkt. # 19, at 3), but do not mention any objections to venue or personal jurisdiction in that section or anywhere else in the report. Further, Defendants, in responding to Plaintiffs' motion to transfer or reassign this case to the Judge Aspen, who presided over the 2014 case, again did not mention venue or jurisdiction and stated that they did not object to the transfer/reassignment if Plaintiffs were to allege a violation of the 2014 permanent injunction. (Defs.' Resp., Dkt. # 47, at 1, 3.)[3]

Moreover, Defendants answered the amended complaint in this case on January 6, 2017, and other than a general denial of the paragraph alleging personal jurisdiction, failed to include any affirmative contention that the Court lacked personal jurisdiction over them. *See Davis v. Carter*, 61 F. App'x 277, 279 (7th Cir. 2003) ("If they filed proper answers to the complaint, then the omission from the answers of a contention that the court lacks personal jurisdiction forfeits that line of argument."); Fed. R. Civ. P. 12(h)(1)(A party waives any defense [including improper venue and lack of personal jurisdiction] by: . . . failing to . . . include it in a responsive pleading . . . ."). The same is true regarding venue. Because Defendants gave every indication to Plaintiffs and this Court that they were defending the case on the merits here, and failed to assert any defense to personal jurisdiction or venue in their answer, the Court concludes that Defendants have waived and/or forfeited their argument that venue is improper or the Court lacks personal jurisdiction over them.

Alternatively, Defendants ask that the case be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that the Court may transfer venue to another district "for the convenience of the parties and witnesses, in the interest of justice." For the Court to transfer the case under § 1404(a), Defendants must demonstrate that "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). The party moving for the change of venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The transfer decision is committed to the Court's sound discretion because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Id*. at 219. The Court assumes for purposes of this part of the motion that venue is appropriate in this district given Defendants' waiver of the issue. Both parties appear to agree that venue is also appropriate in the Eastern District of Virginia. Thus, the Court turns to whether transfer would serve the convenience of the parties and witnesses and the interest of justice.

In evaluating the convenience of the parties and witnesses, the Court considers (1) Plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to proof, (4) the convenience of the parties in litigating in the respective forums, and (5) the convenience of the witnesses. *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill.

---

[3] Judge Aspen later denied the motion to reassign.

Mar. 18, 2014). Plaintiffs are not Illinois corporations and do not reside in this district; thus, their choice of forum is not entitled to substantial deference. *See Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *5 (N.D. Ill. Jan. 25, 2013) ("[T]he deference owed here is substantially reduced because Plaintiffs do not reside in this District . . . ."). While, as Plaintiffs point out, certain of the parties were involved in the earlier case in this district before Judge Aspen, this case involves different conduct as Plaintiffs did not move for contempt for violations of the permanent injunction entered in that case.

The situs of material events is neutral. While the breach of contract count relates to a settlement agreement that was entered into in Illinois and is governed by Illinois law, Plaintiffs' allegations of trademark infringement and unfair competition include conduct in stores located not just in Illinois, but also Arizona, Texas, New Jersey, Virginia, and Pennsylvania. (Am. Compl., Dkt. # 33, ¶ 42.) Moreover, certain courts have concluded that "[i]n cases involving copyright and unfair competition claims, the material activities central to the claims occur where the allegedly infringing products are designed, manufactured and marketed." *Confederation des Brasseries de Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, at *3 (N.D. Ill. Jan. 20, 2000); *see also Villalobos v. Castaneda*, No. 12 C 8218, 2013 WL 5433795 at *8 (N.D. Ill. Sep. 27, 2013) ("[T]the location of the infringer's place of business is often the critical and controlling consideration."). Defendants Haynes and New Venture are located in Virginia. Because material events have occurred in both Illinois and Virginia, this factor does not favor one jurisdiction over another.

Further, given the ease with which documentary evidence is now transferred, access to proof also does not point to one district over another. With respect to the convenience of the parties, Plaintiffs are based in San Francisco, and their lead counsel is based in California and Nevada. They contend that it would be easier for them to travel to Chicago versus Richmond, Virginia, which has no non-stops flights from Las Vegas or San Francisco. But convenience to attorneys is not part of the § 1404 calculus, and it is the attorneys who would be doing the vast majority of any travel. *D5 Ironworks, Inc. v. Local 395 Ironworkers*, No. 16 C 2163, 2016 WL 2733307, at *4 (N.D. Ill. May 11, 2016). Nevertheless, the Court agrees that to the extent party witnesses would be required to travel, Chicago would be more convenient for Plaintiffs and Defendant Highland Lombard (which, as noted, does not object to transfer), while Richmond would be more convenient for Haynes and New Venture. However, the factor addressing the convenience of witnesses "prioritizes the convenience of non-party witnesses, 'as the § 1404 calculus is generally less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts because it is presumed that such witnesses will appear voluntarily.'" *Curtis v. Wheaton Franciscan Servs., Inc.*, No. 16 C 4232, 2016 WL 6432579, at *5 (N.D. Ill. Oct. 31, 2016) (citation omitted).

Defendants assert that three "critical" nonparty witnesses who reside in Virginia would be called to testify, including: Rudy van Thiel, principal of Van Thiel & Co., who will testify regarding sales of furniture similar or identical to that sold by Restoration Hardware; Michael Ricks, president of Furniture Classics in Norfolk, Virginia, who is "likely to be called as a

4

witness to provide testimony regarding how and from where Defendants obtain furniture later sold at The Dump locations," (Mem. Supp. Mot. Transfer, Dkt. # 58, at 13); and a principal of Meade Management in Henrico, Virginia, which produced the purportedly offending television commercial. (*Id*.) Plaintiffs do not identify any particular non-party witnesses, stating that they do not yet know the identities of third-party consumers who they believe have been deceived regarding the manufacturer and quality of the furniture sold at The Dump (both in Illinois and the other states in which improper advertisements and statements were allegedly made), current and former employees of The Dump in Lombard, Illinois, as well as not-yet-identified suppliers of Defendants.

While Defendants identify several non-party witnesses who reside in Virginia, it is not clear how critical the testimony of furniture suppliers will be in a suit alleging primarily infringement and unfair competition. To prevail on trademark infringement, false designation of origin, and unfair competition, Plaintiffs must show a protectable mark and use of the mark that is likely to cause confusion among consumers. *Foremost Farms USA, Coop. v. Diamond V Mills*, Inc., No. 16-CV-551-JDP, 2017 WL 1390699, at *3 (W.D. Wis. Apr. 18, 2017). The likelihood of confusion includes consideration of such factors as:

> (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of the plaintiff's mark; (6) actual confusion; and (7) intent of the defendant to "palm off" his product as that of another.

*Id*. at 4. While the furniture suppliers who are not defendants may have testimony that is generally relevant, it does not appear critical to the claims at issue. On the other hand, whether consumers are actually confused is "one of the more 'important' factors" in the likelihood of confusion analysis. *Epic Sys. Corp. v. YourCareUniverse, Inc*., No. 15-CV-821-JDP, 2017 WL 1093292, at *10 (W.D. Wis. Mar. 22, 2017). Thus, testimony from consumers in the various states (only one of which is Virginia) where alleged infringement occurred will be significant to Plaintiffs' claims. Therefore, other than the principal from the firm that developed the commercial who is located in Virginia, the non-party witness consideration does not particularly weigh in favor of transfer.

The interest of justice prong, also referred to as the public interests, requires the Court to consider "factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Carter v. Arise Virtual Sols., Inc*., No. 16 C 6262, 2017 WL 192374, at *4 (N.D. Ill. Jan. 18, 2017). Here, each district has a relationship to the controversy, in that certain alleged infringing activity occurred in both states. While Virginia has an interest in ruling on cases involving companies headquartered in its state, Illinois has an interest in enforcing a settlement agreement entered into within its borders and whose law governs the agreement. This factor is therefore neutral. Both districts are familiar with the federal laws at issue and to the extent a Virginia court would have to interpret Illinois law to

5

address the breach of the settlement agreement claim, "federal judges routinely apply the law of a State other than the State in which they sit," *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 584 (2013), making this factor neutral as well. With respect to likelihood of a speedy trial, the median time from filing to trial as of June 2016 in the Eastern District of Virginia was 11.1 months while it was 38.4 months in the Northern District of Virginia.[4] Therefore, this factor favors transfer.

      Considering all of the factors addressed above, the Court concludes, in its discretion, that Defendants have failed to establish that the transfer forum is clearly more convenient. Accordingly, the motion to dismiss or transfer [57] is denied.

**Date**: May 17, 2017

                                                                           _____
                                                                           **Ronald A. Guzmán**
                                                                           **United States District Judge**

---

[4] *See* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2016.pdf (last visited April 24, 2017).